UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELVIN C. FLOYD,<br><br>  Plaintiff,<br><br>  v.<br><br>OLSON, GOWAN, GIBSON, BACHUSZ,<br>HARTLINE, KRANICK, RODRIGUEZ,<br><br>  Defendants. | CAUSE NO. 3:20-CV-515-JD-MGG |

OPINION AND ORDER

Melvin C. Floyd, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983.[1] (ECF 8.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Floyd claims that on February 1, 2020, Correctional Officers Kranick and Rodriguez (first names unknown) failed to protect him from being assaulted with bodily waste by another inmate in the Westville Control Unit ("WCU"). Specifically, he

---

[1] Mr. Floyd's original complaint raised unrelated claims against unrelated defendants, and he was afforded an opportunity to submit an amended complaint limited to related claims. (ECF 7.)

claims that the officers were escorting him past an "unknown" prisoner's cell, when this prisoner threw bodily waste on his face, arm, and chest. The officers then took him to the shower to wash off for approximately 20 minutes, but did not give him a fresh pair of boxer shorts, a bath towel, or a wash cloth. He was also taken to see a nurse. He claims that the two officers were negligent in their actions, which caused him great psychological distress.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Additionally, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Rather, the defendant's "state of mind must rise to the level of deliberate indifference." *Id.*

The events Mr. Floyd describes are regrettable and were no doubt unpleasant for him, but there is no factual content in the complaint to indicate that either Mr. Floyd or

2

the two officers had any prior warning that this attack was going to occur. Instead, Mr. Floyd describes a very brief, unprovoked and unforeseen attack by an inmate he did not know. It is clear from the complaint that Mr. Floyd was immediately removed from the area and taken to the showers by the two officers. Although he claims he was not given a fresh pair of boxer shorts after his shower, there is nothing to suggest that his underclothing was actually soiled with the other inmate's bodily waste. He also complains that he was not given a towel or a washcloth, but the court cannot conclude that the lack of these items constitutes the type of severe deprivation that would give rise to an Eighth Amendment violation. *See Farmer*, 511 U.S. at 834 (to support an Eighth Amendment claim, inmate must have been denied the "minimal civilized measure of life's necessities"); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (the Eighth Amendment does not mandate "comfortable prisons"). The complaint makes clear that Mr. Floyd was given an opportunity to clean himself and was also seen by a nurse after this unfortunate incident. In short, the court finds no plausible basis to infer deliberate indifference on the part of the defendants.

In the interest of justice, the court will allow Mr. Floyd to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim for relief against Officers Kranick and Rodriguez, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 15, 2020**, to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 17, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT